IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.* )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:07cv02017 (RCL) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD**

On July 17, 2007, the Centers for Medicare and Medicaid Services ("CMS") of the Department of Health and Human Services ("HHS") promulgated a final rule clarifying the requirements for, and manner in which, average manufacturer prices ("AMPs") for prescription drugs are determined for purposes of calculating the amount that HHS will pay to States providing coverage of these drugs to Medicaid recipients. 72 *Fed. Reg.* 39,142 (July 17, 2007). CMS issued this rule pursuant to an express mandate from Congress in the Deficit Reduction Act of 2005 ("DRA") to clarify the process of determining AMPs, Pub. L. No. 109-171, § 6001(c)(3)(B), 120 Stat. 4, 56 (2006), and it did so pursuant to its notice-and-comment rulemaking procedures.

Plaintiffs disagree with the agency's final rule and have filed this action challenging that rule under the Administrative Procedure Act ("APA"). Compl. ¶¶ 1, 15. Plaintiffs have also moved for a preliminary injunction to stop the agency from continuing to implement the rule, which became effective October 1, 2007. *See generally* Pls.' Mot. for Prelim. Inj. (Nov. 15, 2007). At the same time, Plaintiffs filed a motion to supplement the administrative record with a 234-paragraph "report" of their proffered expert witness, which offers their expert's own

interpretation of the DRA and the Medicaid statute and the policy judgments he would have made in implementing those Acts.  *See generally* Expert Report of Stephen W. Schondelmeyer, attached as Ex. A to Pls.' Mot. to Suppl. Admin. R. (Nov. 15, 2007) ("Pls.' Mot. to Suppl.").

Dr. Schondelmeyer's report, of course, was neither presented to nor considered by CMS in promulgating its final rule.  Nor, for that matter, was it presented to (much less relied upon by) Congress when it enacted the DRA.  By moving to "supplement" the record with a report that was indisputably never part of the record, Plaintiffs seek non-record review of this agency rulemaking action.  The law does not entitle Plaintiffs to such review, nor does it allow the report to be considered part of the administrative record.

## **ARGUMENT**

Review of the agency action challenged in this case must occur, if at all,[1] in accordance with the judicial review provisions of the APA.  *See* 5 U.S.C. §§ 701-06.  As in all APA cases, the Court's role here is to apply the appropriate standard of review to the agency decision "based on the record the agency presents to the reviewing court."  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see also* 5 U.S.C. § 706 (providing that "the court shall review the whole record or those parts of it cited by a party").  "Under long-standing precedent . . ., judicial review is ordinarily confined to the administrative record."  *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 11 (D.D.C. 2001) (quotations omitted); *see also Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991).  As this Court has recognized, "the rationale for this rule derives from a commonsense understanding of the court's

---

[1]    Defendants do not concede that Plaintiffs have demonstrated a proper basis for this Court's subject matter jurisdiction and expressly reserve any such arguments for their Opposition to Plaintiffs' Motion for Preliminary Injunction.

functional role in the administrative state." *Amfac Resorts*, 143 F. Supp. 2d at 11.  More specifically:

> Judicial reliance on an agency's stated rationale and findings is central to a harmonious relationship between agency and court, one which recognizes that the agency and not the court is the principal decision maker.  Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President.  The accepted deference of court to agency would be turned on its head:  the so-called administrative state would be replaced with one run by judges lacking the expertise and resources necessary to discharge the function they had arrogated unto themselves.

*Id.* (quotations and alterations omitted)

While courts have recognized "certain narrow exceptions" to this general rule prohibiting extra-record review of agency action, *see, e.g.*, *id.* at 11 & n.5, Plaintiffs have not demonstrated – nor even attempted to demonstrate – that any of those exceptions should apply to this Court's consideration of the merits of this case.  Instead, they argue that the expert report will help the Court understand the "arbitrary and capricious nature" of the AMP rule.  *See* Pls.' Mot. to Suppl. at 2.  This is not the standard.  If it were, every lawsuit challenging the reasonableness of agency action would be open to non-record evidence.  Because it is undisputed that Dr. Schondelmeyer's report was never presented to the agency for consideration, that report may not be considered part of the administrative record upon which the agency's final rule will be reviewed by this Court.

Whether courts may generally consider expert definitions of statutory "terms of art," *see id.*, does not help Plaintiffs.  Plaintiffs challenge administrative action to which the deferential standard of review enunciated in *Chevron* applies.  That courts may rely on expert affidavits when *they* construe a statute does not mean they may rely on such evidence when determining whether an *agency's* construction of the statute was reasonable.  Furthermore, Dr.

3

Schondelmeyer's report goes far beyond defining "terms of art" but also provides extensive dictionary definitions of statutory terminology, discusses federal and state law, offers policy justifications in support of his own interpretation of the DRA, and states legal conclusions about the validity of the challenged regulation.  Such legal, factual, and policy arguments are appropriately presented to an agency in the context of a rulemaking process, but they may not supplement the record upon which the agency has already acted.  Dr. Schondelmeyer's report merely reflects Plaintiffs' attempt to achieve a *de novo* rulemaking proceeding in this Court.

For the limited purpose of demonstrating the "irreparable harm" that allegedly justifies *preliminary* relief, however, Defendants do not object to this Court's consideration of the relevant portions of Dr. Schondelmeyer's report (*i.e.,* ¶¶ 206-34).  Defendants, of course, in no way concede the validity of any of the factual or legal assertions and opinions contained in those paragraphs, nor do Defendants concede that Dr. Schondelmeyer is at all qualified to offer those opinions.  And while Defendants do not object to this Court's consideration of those portions of Dr. Schondelmeyer's report in evaluating the claims of injury asserted in Plaintiffs' motion for preliminary relief, this Court should not, for the reasons discussed above, consider this report in assessing the likelihood of success of Plaintiffs' claims, should not add this report to the administrative record that Defendants will produce, and should not, if it ultimately concludes that it has jurisdiction to review the merits of Plaintiffs' challenge, consider this report in its review of the merits of this case.

## CONCLUSION

In sum, Defendants do not oppose this Court's consideration of the portions of Dr. Schondelmeyer's report that allegedly demonstrate irreparable harm (*i.e.,* ¶¶ 206-34) for purposes of Plaintiffs' Motion for Preliminary Injunction.  Defendants do, however, respectfully

request that this Court deny Plaintiffs' motion to supplement the administrative record with Dr. Schondelmeyer's report and, accordingly, request that this Court decline to consider that report in its review of the merits of this record review case.

        Respectfully submitted,

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General

        SHEILA M. LIEBER
        Deputy Director
        Federal Programs Branch

        s/ Wendy M. Ertmer
        WENDY M. ERTMER
        DC Bar No. 490228
        Trial Attorney
        Federal Programs Branch
        U.S. Department of Justice, Civil Division
        20 Massachusetts Avenue NW, Room 7218
        Washington, DC  20530
        Telephone:  (202) 616-7420
        Fax:  (202) 616-8470
        Email:  wendy.ertmer@usdoj.gov

        *Counsel for Defendants*

Dated:  November 29, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, a copy of the foregoing pleading was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

    Christopher W. Mahoney    cmahoney@duanemorris.com

and was sent by electronic mail to:

    Frederick R. Ball    frball@duanemorris.com
    Don L. Bell II    dbell@nacds.org
    Mary Ellen Kleiman    mkleiman@nacds.org
    Nicholas J. Lynn    njlynn@duanemorris.com
    John M. Rector    john.rector@ncpanet.org

                            s/ Wendy M. Ertmer
                            WENDY M. ERTMER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:07cv02017 (RCL)<br>)<br>) |
| MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## **ORDER**

Upon consideration of Plaintiffs' Motion to Supplement Administrative Record, it is hereby ORDERED that Plaintiffs' motion is DENIED, that the report of Dr. Stephen W. Schondelmeyer is not part of the administrative record, and that Plaintiffs may not rely on that report to demonstrate the merits of their claims. It is further ORDERED, however, that Plaintiffs may rely on Paragraphs 206-34 of Dr. Schondelmeyer's report for the limited purpose of supporting their claim of irreparable harm in their motion for preliminary relief.

Dated: _____

ROYCE C. LAMBERTH
United States District Court Judge