IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.* ) ) )  Plaintiffs, ) ) v. ) ) MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES *et al.*, ) ) )  Defendants. ) | Civil Action No. 1:07cv02017 (RCL) |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED PRELIMINARY INJUNCTION

On December 14, 2007, this Court orally granted Plaintiffs' motion for preliminary relief filed on November 15, 2007. At that time, the Court instructed Defendants either to file their objections to Plaintiffs' proposed order or to file a joint proposed order. Defendants have consulted with Plaintiffs in an attempt to reach agreement on a proposed order but have been unable to agree on a fundamental component of the proposed injunction. Defendants therefore submit, as an attachment to this Opposition, their own proposed order. This memorandum explains Defendants' proposed modifications to Plaintiffs' proposed order.

**A.  The Injunction Should Not Prohibit CMS from Calculating Rebates Based on the New Rule.**

Based on this Court's ruling, Defendants understand that they may not use AMP data calculated under the new AMP rule, 72 Fed. Reg. 39,142 (July 17, 2007), to set federal upper reimbursement limits ("FULs") for multiple source drugs covered by the Medicaid program. Accordingly, until further order of this Court, Defendants will continue to set FULs based on the methodology that existed before Congress, in the Deficit Reduction Act of 2005 ("DRA"), mandated that the federal government convert its payment methodology for multiple source

drugs from an AWP-based system to an AMP-based system. In other words, Defendants will continue to apply an AWP-based methodology to the FUL calculation instead of the DRA's AMP-based methodology. The attached proposed order reflects Defendants' understanding in this regard.

Prior to the DRA's establishment of an AMP-based reimbursement methodology, however, AMPs had long served a distinct role in the Medicaid system – namely, as the basis for determining the rebates drug manufacturers pay to states for Medicaid-covered prescription drugs. This AMP-based Manufacturer Rebate Program (a $7 billion program) has existed as a fundamental component of the Medicaid system since the Omnibus Budget Reconciliation Act of 1990 ("OBRA"). When the AMP rule became effective on October 1, 2007, manufacturers transitioned their sales tracking systems from the AMP methodology they had used since the OBRA to the methodology CMS had specified in the new AMP rule. CMS estimated in the preamble to the AMP rule that this system upgrade would cost manufacturers an estimated $27.5 million. *Id.* at 39,233. Manufacturers have submitted their first set of AMP data pursuant to the methodology prescribed in the AMP rule, and the AMPs calculated by manufacturers under the rule will serve as the basis of rebates paid by manufacturers to the states for the quarter ending December 31, 2007.

With this lawsuit, Plaintiffs have not challenged any aspect of the AMP-based Manufacturer Rebate Program. Yet they would bring the Rebate Program within the scope of this injunction by ordering Defendants to instruct drug manufacturers to alter the method they use to calculate AMPs for purposes of that Program. Such an order would require manufacturers to revert to former methods of calculating AMPs for purposes of the Manufacturer Rebate Program, a significant and costly alteration of the status quo. Requiring manufacturers to revert

2

to former methods of calculating AMPs for purposes of the Rebate Program would not only disrupt the status quo but would also carry substantial consequences for manufacturers and for states, neither of whom are even parties to this litigation. Manufacturers would be required to commit additional resources to revert their systems to an old methodology that will inevitably be rendered obsolete, either by this Court's ultimate decision on the merits of this case and/or by CMS's promulgation of a revised rule. States, in turn, would experience a substantial delay in their rebate payments for the current rebate period as manufacturers revert their systems to the former methodology, reconstruct the sales data necessary to apply the former methodology, and resubmit their AMPs to CMS. Moreover, CMS believes that rebate amounts, when calculated according to the AMP rule, are likely to increase substantially. Plaintiffs' proposed order would therefore directly harm the states.

Plaintiffs, on the other hand, would not be harmed if this Court were to allow CMS to use the new AMPs for the limited purpose of calculating manufacturers' rebate payments. While Plaintiffs have informed Defendants that they believe they will be harmed because states might be able to decipher the new AMPs from their rebate payments,[1] states' knowledge of the new AMPs would not harm them any more than states' knowledge of the old AMPs which, pursuant to the DRA, CMS has already been providing directly to states on a confidential basis since July 2006, 72 Fed. Reg. at 39,143, and which has not affected the prices state Medicaid programs pay to retail pharmacies.

---

[1]   The proposition that states can reliably calculate AMPs from their rebate payments is a dubious one. If states could reliably calculate AMPs from rebates, Congress would presumably have had no reason to require CMS to provide AMPs directly to states, as it did in the DRA. 42 U.S.C. § 1396r-8(b)(3)(A)(iii).

Accordingly, as reflected in the attached proposed order, Defendants request that this Court allow CMS to continue to use AMPs calculated under the AMP rule for the limited purpose of determining the rebates manufacturers will pay to states.

### B. Other Proposed Modifications.

Defendants also believe the list of transactions Plaintiffs seek to exclude from the AMP calculation, *see* Pls.' Proposed Order at 2-3, is an inappropriate and unnecessary component of the preliminary injunction. It is Defendants' understanding that this Court has not yet made specific findings with respect to any of these categories of transactions. Because Defendants will not set FULs based on *any* AMP data until this Court allows otherwise, there is no reason at this time to set forth a list of transactions that Plaintiffs believe should be excluded from the AMP calculation.[2]

Defendants also propose the removal of Sections (c) and (d) of Plaintiffs' proposed order, again because Defendants will not, until this Court orders otherwise, set or apply *any* AMP-based FULs. Plaintiffs' concern that the allegedly erroneous AMP-based FULs will be applied to non-equivalent drugs, *see id.* at (d), and will be applied without regard to their "general availab[ility]" in the states, *id.* at (c), is fully addressed by an injunction prohibiting Defendants from calculating FULs based on AMPs calculated under the AMP rule.[3]

---

[2]    One of the categories of transactions listed by Plaintiffs, for example, are those reimbursed by third parties. *See* Pls.' Proposed Order at 3. Excluding these transactions would presumably exclude from the AMP those transactions involving drugs ultimately reimbursed by insurers, Medicaid, or Medicare. This would exclude a significant number of prescription drug sales from the AMP calculation.

[3]    In addition, the Court stated at the hearing on December 14 that it had not yet determined whether Plaintiffs were likely to succeed on the merits of their third challenge (regarding CMS's application of AMP-based FULs to all formulations of multiple source drugs). For this alternative reason, Defendants propose that the injunction not specifically address this issue.

Finally, as stated above, Defendants have provided AMP data to states on a confidential basis since July 2006. While Plaintiffs proposed order does not specifically address these communications, Defendants believe that continuing to provide AMP data, as calculated under the AMP rule, to states is consistent with Congress's intentions in the DRA. Accordingly, Defendants request that this Court clarify in its Order that these communications can continue.

Defendants respectfully request that, to the extent this Court believes Plaintiffs have made the necessary showing for a preliminary injunction, this Court enter the proposed injunction attached hereto.

        Respectfully submitted,

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General

        SHEILA M. LIEBER
        Deputy Director
        Federal Programs Branch

        s/ Wendy M. Ertmer
        WENDY M. ERTMER
        DC Bar No. 490228
        Trial Attorney
        Federal Programs Branch
        U.S. Department of Justice, Civil Division
        20 Massachusetts Avenue NW, Room 7218
        Washington, DC  20530
        Telephone:  (202) 616-7420
        Fax:  (202) 616-8470
        Email:  wendy.ertmer@usdoj.gov

        *Counsel for Defendants*

Dated:  December 18, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2007, a copy of the foregoing pleading, together with a proposed order, was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

    Christopher W. Mahoney    cmahoney@duanemorris.com

and was sent by electronic mail to:

| | |
|---|---|
| Frederick R. Ball | frball@duanemorris.com |
| Don L. Bell II | dbell@nacds.org |
| Mary Ellen Kleiman | mkleiman@nacds.org |
| Nicholas J. Lynn | njlynn@duanemorris.com |
| John M. Rector | john.rector@ncpanet.org |

                                      s/ Wendy M. Ertmer
                                      WENDY M. ERTMER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 1:07cv02017 (RCL) ) ) |
| MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

Upon consideration of Plaintiffs' Motion for Preliminary Injunction and Defendants' Opposition thereto, and having conducted a hearing on this matter, the Court finds that Plaintiffs are likely to succeed on the merits of their claims that Defendants violated the Administrative Procedure Act and acted contrary to law and/or arbitrarily and capriciously in promulgating the "Average Manufacturer Price" ("AMP") rule, 72 Fed. Reg. 39,142 (July 17, 2007), and that Defendants' actions will cause irreparable harm to Plaintiffs' members.  It is hereby

ORDERED that Plaintiffs' Motion is GRANTED, and it is further

ORDERED that Defendants United States Department of Health and Human Services ("HHS"), HHS Secretary Leavitt, Centers for Medicare and Medicaid Services ("CMS"), and CMS Acting Administrator Weems, as well as HHS and CMS officers, agents, servants, employees, and attorneys be and are hereby enjoined, until further order of this Court:  (1) from posting AMP data calculated pursuant to the definition of AMP contained in the AMP rule on a public website; and (2) from using AMP data calculated under the AMP rule as the basis for establishing federal upper reimbursement limits ("FULs") for multiple source drugs under Medicaid.

2

      Nothing in this Order shall be construed to prohibit Defendants (1) from determining manufacturer rebates based on AMP data calculated under the AMP rule; or (2) from sharing AMP data with the states.

      SO ORDERED.

Date: _____      _____
                                                                                                                  ROYCE C. LAMBERTH
                                                                                                                    United States District Court Judge