IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:07cv02017 (RCL)<br>)<br>) |
| MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Upon consideration of Plaintiffs' Motion for Preliminary Injunction and Defendants' Opposition thereto, and having conducted a hearing on this matter, the Court finds that:

1.     Plaintiffs are likely to succeed on the merits of their claims that Defendants violated the Administrative Procedure Act and acted contrary to law and/or arbitrarily and capriciously in creating its Average Manufacturer Price rule, 72 Fed. Reg. 39142 (July 17, 2007) ("AMP Rule") because the AMP Rule does not comply with either the statutory definition of "average manufacturer price" or the statutory definition of "multiple source drug" as stated by the Court at the hearing on December 14, 2007;

2.     Unless enjoined, Defendants' actions are likely to cause Plaintiffs to suffer irreparable harm for which no adequate remedy at law exists as Plaintiffs' members will not be able to recover from the Defendants if the AMP Rule is implemented, and thousands of Plaintiffs' member pharmacies are expected to be forced to reduce hours and services, forced out of the Medicaid program, or forced to close;

3. The harm that will result to Plaintiffs' member pharmacies as a result of Defendants' actions outweighs any harm that may result to Defendants as a result of preliminary injunction; and

4. Issuance of a preliminary injunction will serve the public interest as it is in the public interest for federal departments and agencies to operate in compliance with the law and Medicaid beneficiaries may find access to their retail community pharmacies reduced or eliminated should the injunction not be issued.

Therefore, it is hereby

ORDERED that Plaintiffs' Motion is GRANTED for the reasons stated above and on the record in open court at the conclusion of the hearing on December 14, 2007; and it is further

ORDERED that Defendants United States Department of Health and Human Services ("HHS"), HHS Secretary Leavitt, Centers for Medicare and Medicaid Services ("CMS"), and CMS Acting Administrator Weems, as well as HHS and CMS officers, agents, servants, employees, and attorneys be and hereby are enjoined, until further order of this Court, from:

a. Undertaking any and all action to implement the AMP Rule to the extent such action affects Medicaid reimbursement rates for retail pharmacies under the Medicaid program. Defendants may, however, continue to require drug manufacturers to make AMP calculations and best price calculations under the AMP Rule for purposes of calculating rebates paid to States in the Medicaid program; and

b. Posting any AMP data on a public website or otherwise disclosing any AMP data to any individuals or entities, including but not limited to States and their representatives or agencies, except that Defendants may disclose AMP data within the U.S. Department of Health and Human Services or to the U.S. Department of Justice for their internal use or enforcement activities only.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, on December 19, 2007.