IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) Civil Action No. 1:07cv02017 (RCL) |
| v. | )<br>) |
| MICHAEL O. LEAVITT, SECRETARY OF HEALTH AND HUMAN SERVICES *et al.*, | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

The U.S. Department of Health and Human Services ("HHS"), Michael O. Leavitt, Secretary of HHS, the Centers for Medicare and Medicaid Services ("CMS"), and Kerry Weems, Acting Administrator of CMS (collectively, "Defendants"), assert the following defenses to all causes of action asserted against them in Plaintiffs' Complaint, without assuming the burden of proof on any issue as to which the burden would otherwise rest on Plaintiffs, and reserve the right to assert any other defense that may become available or appear during the proceedings in this case:

**FIRST DEFENSE**

Plaintiffs' claims are barred in whole or in part because this Court lacks subject matter jurisdiction.

**SECOND DEFENSE**

Plaintiffs have failed to state a claim on which relief can be granted.

**THIRD DEFENSE**

The challenged regulation is consistent with the governing statute and was promulgated in accordance with law.

**FOURTH DEFENSE**

Defendants answer the numbered paragraphs of the Complaint as follows:

1.      Defendants admit that Plaintiffs' Complaint purports to challenge the "average manufacturer price rule" ("AMP rule"), a final rule implementing certain Medicaid-related provisions of the Deficit Reduction Act of 2005 ("DRA") as well as various other aspects of the Medicaid program. Paragraph 1 in all other respects states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 1.

2.      Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      Defendants admit that CMS has estimated that the DRA is likely to result in Medicaid savings of $8 billion from 2007 through 2011. *See* 72 Fed. Reg. 39,142, 39,230, 39,233 (July 17, 2007). Defendants further admit the existence of the cited reports of the HHS Office of Inspector General ("OIG") and the Government Accountability Office ("GAO"), to which the Court is referred for a full and accurate statement of their contents. Defendants deny the remaining allegations in Paragraph 3.

4.      Defendants admit that the billions of dollars the federal and state governments were projected to save as a result of the DRA were expected to be realized largely through lower payments to pharmacies, *id.* at 39,233, who have until now received artificially inflated payments for certain prescription drugs dispensed to Medicaid beneficiaries. The second and third sentences of Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second and third sentences of Paragraph 4. Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants admit that Plaintiffs' Complaint seeks to enjoin Defendants from implementing the AMP rule and from posting AMP data on a public website as the DRA requires.  Defendants further admit that Plaintiffs' Complaint seeks a declaratory judgment that the AMP rule is unlawful.  Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and the allegations are therefore denied.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and the allegations are therefore denied.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and the allegations are therefore denied.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 9, and the allegations are therefore denied.  Defendants admit that, prior to the injunction entered by this Court on December 19, 2007, CMS had intended to set federal upper reimbursement limits ("FULs") for Medicaid-covered multiple source prescription drugs based on AMPs calculated pursuant to the challenged rule and that these FULs would apply to drugs dispensed in 2008.  Defendants deny the remaining allegations in Paragraph 9.

10.     Paragraph 10 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants admit that Plaintiffs' Complaint purports to sue Defendant Leavitt solely in his official capacity as Secretary of HHS.

13.     Defendants admit the allegations in Paragraph 13.

14. Defendants admit that Plaintiffs' Complaint purports to sue Defendant Weems solely in his official capacity as Acting Administrator of CMS.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue in this District is proper under 28 U.S.C. § 1391.

17. Defendants admit the allegations in the first sentence of Paragraph 17. Defendants further admit that, to the extent a state has chosen to participate in the Medicaid program, the federal and state governments jointly fund the Medicaid program in that state, that the program is administered by each participating state in accordance with a Medicaid State Plan that is reviewed and approved by CMS, and that each participating state must comply with applicable federal requirements set forth in the Social Security Act, CMS regulations, and CMS program guidance. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that retail pharmacies may choose to dispense covered prescription drugs to Medicaid beneficiaries and that, if they do so, those pharmacies are paid for those drugs by their state's Medicaid program. Defendants further admit that state payments to pharmacies vary depending on the payment methodology set forth in the applicable State Plan. Defendants further admit that "single source drugs" are commonly referred to as "brand name drugs" and that "multiple sources drugs" are commonly referred to as "generic drugs." Defendants deny the remaining allegations in Paragraph 18.

19. Paragraph 19 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required. To the extent a response is

required, Defendants admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents; admit that the Social Security Act requires Defendants to set FULs for Medicaid-covered multiple source prescription drugs, 42 U.S.C. § 1396r-8(e)(4); admit that State Plans must provide assurance that the state's aggregate Medicaid expenditures for multiple source drugs are below the aggregate FULs for those drugs, 42 C.F.R. § 447.518(b)(1)(i); and deny the remaining allegations in Paragraph 19.

20. Paragraph 20 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its contents; admit that, under the Omnibus Budget Reconciliation Act of 1990 ("OBRA"), drug manufacturers pay rebates to states to the extent that their drugs are distributed to Medicaid beneficiaries, Pub. L. No. 101-508, 104 Stat. 1388, § 4401 (1990), *codified at* 42 U.S.C. § 1396r-8; admit that the amount of these rebates is based, in part, on the drug's AMP, which is defined, in part, as "the average price paid to the manufacturer for the drug in the United States by wholesalers for drugs distributed to the retail pharmacy class of trade," 42 U.S.C. §§ 1396r-8(c), (k)(1); admit that participating manufacturers calculate AMPs for their drugs and periodically report those AMPs to CMS, *id.* § 1396r-8(b)(3)(A); and deny the remaining allegations in Paragraph 20.

21. Paragraph 21 purports to summarize statutory provisions, which speak for themselves, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents; admit that the DRA amended the Social Security Act to require CMS to set FULs for multiple source drugs based on

the AMP of the least costly therapeutic equivalent, *see* Pub. L. No. 109-171, 120 Stat. 4, 55, § 6001(a)(2) (2006), *codified at* 42 U.S.C. § 1396r-8(e)(5); admit that the Social Security Act defines "AMP" and "multiple source drug," 42 U.S.C. §§ 1396r-8(k)(1), (7)(A)(i); and deny the remaining allegations in Paragraph 21.

22. Paragraph 22 purports to summarize regulatory provisions, which speak for themselves, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents; admit that CMS promulgated the AMP rule on July 17, 2007, pursuant to an explicit directive from Congress in the DRA, § 6001(c)(3)(B); admit that under the DRA CMS must set FULs for multiple sources drugs at 250 percent of the AMP of the least costly therapeutic equivalent, *id.* § 6001(a)(2), *codified at* 42 U.S.C. § 1396r-8(e)(5); *see also* 42 C.F.R. § 447.514(b); and deny the remaining allegations in Paragraph 22.

23. Paragraph 23 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents; admit that AMP is defined, in part, as "the average price paid to the manufacturer for the drug in the United States by wholesalers for drugs distributed to the retail pharmacy class of trade," 42 U.S.C. § 1396r-8(k)(1); and deny the remaining allegations in Paragraph 23.

24. Paragraph 24 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Social Security Act defines AMP, in part, as follows: "with

respect to a covered outpatient drug of a manufacturer for a rebate period, the average price paid to the manufacturer for the drug in the United States by wholesalers for drugs distributed to the retail pharmacy class of trade," *id.* § 1396r-8(k)(1); and deny the remaining allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29. Paragraph 29 purports to summarize a regulatory provision, which speaks for itself, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the existence of the cited regulatory provision, to which the Court is referred for a full and accurate statement of its contents; and deny the remaining allegations in Paragraph 29.

30. Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31. Paragraph 31 purports to summarize statutory and regulatory provisions, which speak for themselves, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the existence of the cited statutory and regulatory

provisions, to which the Court is referred for a full and accurate statement of their contents, and deny the remaining allegations in Paragraph 31.

32.     Defendants admit that the same prices may not be available to all entities that purchase prescription drugs from manufacturers and that some entities may, in certain circumstances, pay less or more than Plaintiffs' members for some prescription drugs. Defendants deny the remaining allegations in the first and third sentences of Paragraph 32. The second and fourth sentences of Paragraph 32 purport to summarize federal and state laws, which speak for themselves, and state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the second and fourth sentences of Paragraph 32.

33.     Defendants admit that, with respect to multiple source drugs, lower AMPs generally lead to lower rebates. *See* 42 U.S.C. § 1396r-8(c)(3)(A). Paragraph 33 in all other respects purports to summarize statutory and regulatory provisions, which speak for themselves, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the existence of the cited regulatory provision, to which the Court is referred for a full and accurate statement of its contents, and deny the remaining allegations in Paragraph 33.

34.     Defendants admit that they are required, under the DRA, to post AMP data to a public website, *id.* § 1396r-8(b)(3)(D)(v); admit that CMS has stated that, "[w]hile there is no requirement that States use AMPs to set payment amounts, . . . Congress intended that States have drug pricing data based on actual prices, in contrast to previously available data that did not necessarily reflect actual manufacturer prices of sales to the retail pharmacy class of trade," 72 Fed. Reg. at 39,146; and deny the remaining allegations in Paragraph 34.

35.     Paragraph 35 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36.     Paragraph 36 purports to summarize regulatory provisions, which speak for themselves.  To the extent a response is required, Defendants admit the existence of the cited regulatory provisions, to which the Court is referred for a full and accurate statement of their contents; admit that the AMP rule establishes the methodology for calculating AMPs and that, under the DRA, CMS must set FULs for certain drugs based on the AMP, 42 U.S.C. §§ 1396r-8(e)(4), (5); and deny the remaining allegations in Paragraph 36.

37.     Paragraph 37 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents; admit that CMS must establish a FUL for every multiple source drug, *id.* § 1396r-8(e)(4); and deny the remaining allegations in Paragraph 37.

38.     Paragraph 38 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents; deny the allegations in the first and second sentences of Paragraph 38 except to admit that a drug is a "multiple source drug" under the Social Security Act if at least two equivalent drug products are "sold or marketed in the State during the period," *id.* § 1396r-8(k)(7)(A)(i); and admit the allegations in the third sentence of Paragraph 38.

39.     Paragraph 39 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.     The first sentence of Paragraph 40 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 40.  Defendants admit that "in light of the DRA amendments, CMS will not be using the published compendia of cost information (e.g., *Red Book*, *First DataBank*, or *Medi-Span*) to establish and set the FUL," 72 Fed. Reg. at 39,216, and deny the remaining allegations in the second sentence of Paragraph 40.

41.     Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 41.

42.     Paragraph 42 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43.     The first and second sentences of Paragraph 43 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first and second sentences of Paragraph 43.  Defendants deny the allegations in the third sentence of Paragraph 43.

44.     Paragraph 44 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 44.

45.     Paragraph 45 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 45, and further refer the Court to the cited statutory provision for a full and accurate statement of its contents.

46. Paragraph 46 purports to summarize a statutory provision, which speaks for itself, and states legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in Paragraph 46, and further refer the Court to the cited statutory provision for a full and accurate statement of its contents.

47. The first sentence of Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 47. Defendants admit that they have long applied FULs to B-rated drugs, *see* 72 Fed. Reg. at 39,155, and deny the remaining allegations in the second sentence of Paragraph 47. Defendants deny the allegations in the third sentence of Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants incorporate each of their previous responses corresponding to Paragraphs 1 through 49 of the Complaint, as if fully set forth herein.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53. Defendants incorporate each of their previous responses corresponding to Paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56. Defendants incorporate each of their previous responses corresponding to Paragraphs 1 through 55 of the Complaint, as if fully set forth herein.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

## ADDITIONAL DENIAL

Defendants deny each and every allegation of the Complaint, including each and every request for relief, not specifically admitted in this Answer.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice and award such further relief as the Court may deem just and proper.

        Respectfully submitted,

        JEFFREY S. BUCHOLTZ
        Acting Assistant Attorney General

        SHEILA M. LIEBER
        Deputy Director
        Federal Programs Branch

        s/ Wendy M. Ertmer
        WENDY M. ERTMER
        DC Bar No. 490228
        Trial Attorney
        Federal Programs Branch
        U.S. Department of Justice, Civil Division
        20 Massachusetts Avenue NW, Room 7218
        Washington, DC  20530
        Telephone:  (202) 616-7420
        Fax:  (202) 616-8470
        Email:  wendy.ertmer@usdoj.gov

        *Counsel for Defendants*

Dated:  January 14, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2007, a copy of the foregoing pleading was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to

        Frederick R. Ball        frball@duanemorris.com
        Nicholas J. Lynn        njlynn@duanemorris.com
        Christopher W. Mahoney        cmahoney@duanemorris.com

and was sent by electronic mail to:

        Don L. Bell II        dbell@nacds.org
        Mary Ellen Kleiman        mkleiman@nacds.org
        John M. Rector        john.rector@ncpanet.org

                                s/ Wendy M. Ertmer
                                WENDY M. ERTMER