IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES and NATIONAL COMMUNITY PHARMACISTS ASSOCIATION,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>      Defendants. | Civil Action No. 1:07-cv-02017 (RCL) |

## REPORT OF THE PARTIES PURSUANT TO LOCAL RULE 16.3(d)

The parties submit this joint report and proposed order pursuant to Local Rule of Civil Procedure 16.3(d).

1. The parties agree that this matter is exempt from Local Rule 16.3 and Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure because it is an action for review on an administrative record. The parties, however, have conferred, through their counsel, as instructed by this Court, and make the following report.

2. The parties agree that this case is likely to be disposed of by dispositive motions. In particular, the parties anticipate filing cross-motions for summary judgment.

3. The parties shall join new parties or amend the pleadings no later than sixty (60) days after the administrative record is compiled and produced by Defendants.

4. The parties do not agree to have this case assigned to a magistrate judge for all purposes, including trial.

5. The parties do not anticipate that there is a realistic possibility of settling this case, although they remain open to discussions.

6. This case would not benefit from alternative dispute resolution.

7. The parties agree that this case can be resolved by motions for summary judgment. The parties propose postponing setting a date for the filing of dispositive motions or cross-motions for summary judgment, opposition, and replies until Defendants have completed compiling and producing the administrative record.

a. <u>Defendants' Position</u>: Defendants also propose postponing setting the date for filing dispositive motions until the Court has resolved Plaintiffs' motion to supplement the administrative record with the expert report of Stephen Schondelmeyer, which Defendants have opposed. *See* Defs.' Opp'n to Pls.' Mot. to Suppl. Admin. R. (Nov. 29, 2007). Until Defendants know whether Plaintiffs will be permitted to supplement the rulemaking record with expert reports prepared for purposes of this litigation, Defendants are unable to determine whether an expert discovery period is necessary prior to the filing of dispositive motions. Furthermore, Defendants do not believe that this Court's consideration of Dr. Schondelmeyer's report at the preliminary injunction hearing on December 14, 2007, in the limited context of Plaintiffs' irreparable harm arguments, constituted a ruling in Plaintiffs' favor on this motion, as Defendants had not disputed this Court's consideration of Dr. Schondelmeyer's report for this limited purpose. *See id.* at 4. The question whether the report Dr. Schondelmeyer prepared for purposes of this litigation was part of the record before the agency at the time of the rulemaking, and whether it may now be considered in addressing the merits of Plaintiffs' challenge, is a distinct question the resolution of which is still pending. Defendants therefore respectfully request a ruling on Plaintiffs' motion before the Court sets the dates for filing dispositive motions.

b. <u>Plaintiffs' Position</u>: The Plaintiffs do not agree that a formal ruling on the motion to supplement the record is necessary, and do not agree that the motion is still pending,

because the Schondelmeyer report is a part of the administrative record and the Court accepted the Schondelmeyer report during a hearing on December 14, 2007.

8. The parties agree that the mandatory disclosure provisions of Federal Rule of Civil Procedure 26(a)(1) do not apply.

9. Defendants have agreed to compile and produce the administrative record by March 31, 2008, preferably in an electronic format. Based on the extent of the administrative record, Plaintiffs believe there may be a need for some limited discovery if the administrative record is not complete. However, Plaintiffs cannot make that determination at this point in time.

10. Plaintiffs contend that the Schondelmeyer Report is part of the administrative and trial record and has already been provided to Defendants, while Defendants contend that the Schondelmeyer Report is not part of the administrative record. *See supra* ¶ 7. If this Court denies Plaintiffs' motion to supplement the record, the parties agree that no expert discovery period is necessary. Defendants contend that if this Court grants Plaintiffs' motion to supplement the record, the parties will require an expert discovery period. Defendants therefore propose postponing setting an expert discovery schedule until the Court has resolved Plaintiffs' motion to supplement the record.

11. The parties do not believe that the trial and/or discovery should be bifurcated.

12. The parties propose postponing setting the date for a pretrial conference until such a time as the administrative record has been fully compiled and produced, and the parties have had a reasonable period of time to review the administrative record. In addition, Defendants propose postponing setting the date for a pretrial conference until the court has resolved Plaintiffs' motion to supplement the record with the expert report of Stephen Schondelmeyer.

Plaintiffs contend the Schondelmeyer Report is already part of the administrative record and trial record.

13. The parties agree that the Court should postpone setting a firm trial date until the pretrial conference.

                                    Respectfully submitted,

NATIONAL ASSOCIATION OF CHAIN DRUG STORES and NATIONAL COMMUNITY PHARMACISTS ASSOCIATION

| /s/ Don L. Bell, II | /s/ Christopher W. Mahoney |
|---|---|
| Don L. Bell, II | Christopher W. Mahoney |
| General Counsel | D.C. Bar No. 394416 |
| D.C. Bar No. 443149 | Duane Morris LLP |
| Mary Ellen Kleiman | 1667 K Street, N.W. |
| Associate General Counsel | Suite 700 |
| DC Bar No. 458400 | Washington, DC 20006-1608 |
| National Association of Chain Drug Stores | P: (202) 776-7867 |
| 413 North Lee Street | F: (202) 776-7801 |
| Alexandria, VA 22313-1480 | Email: CMahoney@duanemorris.com |
| P: 703-549-3001 | |
| F: 703-684-6747 | |
| Email: DBell@nacds.org | |
| | |
| /s/ John M. Rector | /s/ Frederick R. Ball |
| John M. Rector | Nicholas J. Lynn |
| General Counsel | Frederick R. Ball |
| National Community Pharmacists Association | Duane Morris LLP |
| 100 Daingerfield Road | 227 West Monroe Street |
| Alexandria, VA 22314-2885 | Suite 3400 |
| P: 703-683-8200 | Chicago, Illinois 60606 |
| F: 703-683-3619 | P: (312) 499-6700 |
| Email: john.rector@ncpanet.org | F: (312) 499-6701 |
| | Email: NJLynn@duanemorris.com |
| | Email: FRBall@duanemorris.com |

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, MICHAEL O. LEAVITT, CENTERS FOR MEDICARE AND MEDICAID SERVICES, and KERRY WEEMS,

4

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

/s/ Wendy M. Ertmer
WENDY M. ERTMER
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW, Room 7218
Washington, DC 20530
P: (202) 616-7420
F: (202) 616-8470
Email: wendy.ertmer@usdoj.gov

DM1\1283698.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES and NATIONAL COMMUNITY PHARMACISTS ASSOCIATION,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-cv-02017 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' PROPOSED SCHEDULING ORDER**

  The parties having conferred pursuant to Local Rule 16.3, and the Court informed in the premises,

  IT IS HEREBY ORDERED THAT:

  1. The parties shall have until sixty days after the administrative record is compiled and produced to move to amend all pleadings and/or add parties;

  2. The Defendants shall produce the administrative record no later than March 31, 2008;

  3. All other scheduling shall be set after the production andd opportunity for review of the administrative record.

                ORDERED:


                _____
                The Honorable Royce Lamberth

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES and NATIONAL COMMUNITY PHARMACISTS ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:07-cv-02017 (RCL) |

### DEFENDANTS' PROPOSED SCHEDULING ORDER

The parties, having conferred pursuant to Local Rule 16.3, and the Court informed in the premises;

IT IS HEREBY ORDERED THAT:

1. The parties shall have until sixty days after the administrative record is compiled and produced to move to amend all pleadings and/or add parties;

2. Defendants shall produce the administrative record no later than March 31, 2008;

3. All other scheduling shall be set after the production of the administrative record and after the Court has resolved Plaintiffs' motion to supplement the administrative record.

ORDERED:

_____
The Honorable Royce Lamberth