**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:07-cv-02017 (RCL) |
| | ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES *et al.*, | )<br>)<br>) |
| Defendants. | ) |

**JOINT MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and Local Rules 5.1(j) and 7, the parties file this Joint Motion for Protective Order. In support of this motion, the parties state as follows:

1. Defendants intend to produce part of the administrative record in this case by Friday, May 30, 2008.

2. The administrative record contains several spreadsheets that reflect Average Manufacturer Price ("AMP") data for prescription drugs that, according to this Court's Order of December 19, 2007, Defendants are prohibited from disclosing publicly. *See* Order (Dec. 19, 2007) at 2. Therefore, the parties believe the Court should enter a Protective Order prior to the production of these spreadsheets.

3. The parties request that these spreadsheets, and any pleadings, motions, or other papers filed with the Court disclosing the data contained therein, be filed under seal and kept under seal until further order of the Court, pursuant to the terms of the attached proposed Protective Order.

The parties therefore respectfully request that this Court grant their Joint Motion for Protective Order and enter the proposed Protective Order attached hereto.

Respectfully submitted,

| | |
|---|---|
| GREGORY G. KATSAS<br>Acting Assistant Attorney General<br><br>SHEILA M. LIEBER<br>Deputy Director<br>Federal Programs Branch<br><br>s/ Wendy M. Ertmer<br>WENDY M. ERTMER<br>DC Bar No. 490228<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave. NW, Room 7218<br>Washington, DC 20530<br>P:  (202) 616-7420<br>F:  (202) 616-8470<br>Email:  wendy.ertmer@usdoj.gov<br><br>*Counsel for Defendants* | s/ Christopher W. Mahoney<br>Christopher W. Mahoney<br>DC Bar No. 394416<br>Duane Morris LLP<br>505 9th St. NW, Suite 1000<br>Washington, DC  20004-2166<br>P:  (202) 776-7867<br>F:  (202) 478-0158<br>Email:  CMahoney@duanemorris.com<br><br>s/ Frederick R. Ball<br>Nicholas J. Lynn<br>Frederick R. Ball<br>Duane Morris LLP<br>190 S. LaSalle St., Suite 3700<br>Chicago, IL  60603<br>P:  (312) 499-6700<br>F:  (312) 499-6701<br>Email:  NJLynn@duanemorris.com<br>Email:  FRBall@duanemorris.com<br><br>s/ Don L. Bell, II<br>Don L. Bell, II<br>General Counsel<br>DC Bar No. 443149<br>Mary Ellen Kleiman<br>Associate General Counsel<br>DC Bar No. 458400<br>National Association of Chain Drug Stores<br>413 North Lee St.<br>Alexandria, VA  22313-1480<br>P:  (703) 549-3001<br>F:  (703) 684-6747<br>Email:  DBell@nacds.org<br><br>s/ John M. Rector<br>John M. Rector<br>General Counsel<br>National Community Pharmacists Association<br>100 Daingerfield Road<br>Alexandria, VA  22314-2885<br>P:  (703) 683-8200<br>F:  (703) 683-3619<br>Email:  john.rector@ncpanet.org |

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2008, a copy of the foregoing pleading, together will all attachments, was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

    Frederick R. Ball        frball@duanemorris.com
    Nicholas J. Lynn        njlynn@duanemorris.com
    Christopher W. Mahoney    cmahoney@duanemorris.com

and was sent by electronic mail to:

    Don L. Bell II        dbell@nacds.org
    Mary Ellen Kleiman        mkleiman@nacds.org
    John M. Rector       john.rector@ncpanet.org

                          s/ Wendy M. Ertmer
                          WENDY M. ERTMER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.*, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:07-cv-02017 (RCL) |

**[PROPOSED] PROTECTIVE ORDER**

Upon the consent of the parties to the above-captioned matter, as evidenced by their signatures below, and for good cause shown, it is hereby ORDERED that:

1. This Order applies to all "Confidential Information," as defined in Paragraph 2 of this Order, that is produced or supplied in connection with the above-captioned matter.

2. "Confidential Information," as used herein, shall refer to the several spreadsheets contained in the administrative record specifically identified by Defendants as containing Average Manufacturer Price ("AMP") data, all copies and extracts thereof, and any AMP data contained therein, and any other material the parties believe in good faith contains confidential, proprietary information not available to the public.

3. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

    a. the attorneys for the parties in this action and their paralegals, clerical, and other assistants who have a clear need therefor in connection with this action;

    b. individual members or employees of the parties, provided that such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Order and agree to be bound by its terms;

    c.   persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided that such persons have signed a declaration under penalty of perjury in the form annexed hereto attesting to the fact that they have read this Order and agree to be bound by its terms;

    d.   stenographers engaged to transcribe depositions, if any, that are conducted in this action; and

    e.   this Court and its support personnel.

4.    During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information, or that an answer has disclosed Confidential Information. Thereupon, any counsel may request all persons, except persons entitled to receive Confidential Information pursuant to this Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Information. Such Confidential Information may be so designated either:

    a.   during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information;" or

    b.   by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party, provided that any disclosure prior to the designation of material as confidential will not be deemed to be a violation of this Order.

5. Persons described in paragraph 3 above shall be restricted to using Confidential Information only for purposes directly related to this action and not for any other litigation or proceeding or for any business, commercial, competitive, personal, or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

6. Prior to any disclosure of Confidential Information to any designated representative of a party pursuant to subparagraph 3(b) above, or to any person retained as an independent expert and/or consultant pursuant to subparagraph 3(c) above, counsel representing such a party or retaining such an expert and/or consultant shall cause such person(s) to read this Order and sign a Declaration in the form annexed hereto. Counsel shall retain Declaration(s) signed in accordance with this paragraph.

7. All Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing Confidential Information, shall be filed under seal and kept under seal until further order of the Court. The parties agree, where possible, to designate only the confidential portions of filings with the Court to be filed under seal. To facilitate compliance with this Order by the Clerk's office, material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise inventory of its contents for docketing purposes that does not disclose the Confidential Information, and shall state thereon that it is filed under the terms of this Order.

8. If a party intends to offer into evidence, or for purposes of impeachment, any Confidential Information in connection with any hearing or other proceeding in this case (other than a deposition, *see* Para. 4, *supra*), counsel for the producing entity asserting confidentiality

must be so informed in writing not less than three business days in advance of the party offering such Confidential Information, or within such other time period that is reasonable under the circumstances.  As long as such notification is provided, any Confidential Information may be offered in open court unless the opposing party obtains a protective order or a ruling from the Court providing otherwise.

        9.      Within sixty days of the resolution of this action by settlement or final judgment, and the termination of any appeal therefrom, all documents designated "Confidential" and any copies thereof shall be promptly returned to Defendants or destroyed, provided that the party to whom Confidential Information is disclosed or produced certifies in writing that all designated documents and materials have been destroyed.  The termination of this litigation shall not relieve any person or party provided Confidential Information of his, her, or its obligations under this Order.

        10.      Nothing in this Order shall be construed to prevent Defendants from using any Confidential Information in the performance of their administrative duties, or to place any additional obligations upon Defendants in the course of performing those duties, provided that Defendants continue to comply with the terms of this Court's December 19, 2007, Order regarding the public disclosure of AMP data.

        11.      The Court shall retain the authority to modify this Order upon good cause shown.

Dated: _____

SO STIPULATED AND AGREED:

For Defendants:

GREGORY G. KATSAS
Acting Assistant Attorney General

SHEILA M. LIEBER
Deputy Director
Federal Programs Branch

s/ Wendy M. Ertmer
WENDY M. ERTMER
DC Bar No. 490228
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7218
Washington, DC 20530
P: (202) 616-7420
F: (202) 616-8470
Email: wendy.ertmer@usdoj.gov

*Counsel for Defendants*

For Plaintiffs:

s/ Christopher W. Mahoney
Christopher W. Mahoney
DC Bar No. 394416
Duane Morris LLP
505 9th St. NW, Suite 1000
Washington, DC 20004-2166
P: (202) 776-7867
F: (202) 478-0158
Email: CMahoney@duanemorris.com

s/ Frederick R. Ball
Nicholas J. Lynn
Frederick R. Ball
Duane Morris LLP
190 S. LaSalle St., Suite 3700
Chicago, IL 60603
P: (312) 499-6700
F: (312) 499-6701
Email: NJLynn@duanemorris.com
Email: FRBall@duanemorris.com

s/ Don L. Bell, II
Don L. Bell, II
General Counsel
DC Bar No. 443149
Mary Ellen Kleiman
Associate General Counsel
DC Bar No. 458400
National Association of Chain Drug Stores
413 North Lee St.
Alexandria, VA 22313-1480
P: (703) 549-3001
F: (703) 684-6747
Email: DBell@nacds.org

s/ John M. Rector
John M. Rector
General Counsel
National Community Pharmacists Association
100 Daingerfield Road

        Alexandria, VA  22314-2885
        P:  (703) 683-8200
        F:  (703) 683-3619
        Email:  john.rector@ncpanet.org

*Counsel for Plaintiffs*

SO ORDERED:

_____
The Honorable Royce C. Lamberth
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHAIN DRUG STORES *et al.*, </br></br> Plaintiffs, </br></br> v. </br></br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES *et al.*, </br></br> Defendants. | Civil Action No. 1:07-cv-02017 (RCL) |

## **DECLARATION**

The undersigned hereby declares under penalty of perjury that he/she has read the Protective Order (the "Order") entered in the United States District Court for the District of Columbia in the above-captioned matter, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any confidential information made available to him/her other than in strict compliance with the Order.

Dated: _____   By: _____
                                     (type or print name)